**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CTIA–THE WIRELESS ASSOCIATION, *Plaintiff-Appellant*, v. CITY OF BERKELEY, California; CHRISTINE DANIEL, City Manager of Berkeley, California, in her official capacity, *Defendants-Appellees.* | No. 16-15141 D.C. No. 3:15-cv-02529-EMC ORDER |

Filed October 11, 2017

Before:  William A. Fletcher, Morgan B. Christen, and Michelle T. Friedland, Circuit Judges.

Order;
Concurrence by Judges W. Fletcher and Christen;
Dissent by Judge Wardlaw

# SUMMARY*

### Civil Rights

The panel denied a petition for panel rehearing and denied a petition for rehearing en banc on behalf of the court.  Judge Friedland voted to grant both.

In its opinion filed on April 21, 2017, the panel affirmed the district court's order denying a request for a preliminary injunction seeking to stay enforcement of a City of Berkeley ordinance requiring cell phone retailers to inform prospective cell phone purchasers that carrying a cell phone in certain ways may cause them to exceed Federal Communications Commission guidelines for exposure to radio-frequency radiation.  Applying *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626 (1985), the panel held that the City's compelled disclosure of commercial speech complied with the First Amendment because the information in the disclosure was reasonably related to a substantial governmental interest and was purely factual.  Accordingly, the panel concluded that plaintiff had little likelihood of success on its First Amendment claim that the disclosure compelled by the Berkeley ordinance was unconstitutional.

Concurring in the denial of the petition for rehearing en banc, Judges W. Fletcher and Christen stated that their majority opinion held that under *Zauderer*, the City of Berkeley may compel "purely factual and controversial"

* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

speech by a retailer at the point of sale. The judges stated that the majority joined four sister circuits when it held that *Zauderer* permitted compelled commercial speech even in the absence of consumer deception. The judges stated that applying *Zauderer* to permit compelled commercial speech only when it prevents consumer deception, as suggested by the dissent, would result in a circuit split.

Dissenting from the denial of rehearing en banc, Judge Wardlaw stated that the court should have taken this case en banc to clarify that *Zauderer*'s rational basis standard applies only when the government compels speech to prevent consumer deception.

## COUNSEL

Theodore B. Olson (argued), Helgi C. Walker, Jacob T. Spencer, and Samantha A. Daniels, Gibson Dunn & Crutcher LLP, Washington, D.C.; Joshua S. Lipshutz and Joshua D. Dick, Gibson Dunn & Crutcher LLP, San Francisco, California; for Plaintiff-Appellant.

Lester Lawrence Lessig, III (argued), Cambridge, Massachusetts; Amanda Shanor, New Haven, Connecticut; Savith Iyengar, Deputy City Attorney; Zach Cowan, City Attorney; Berkeley City Attorney's Office, Berkeley, California; for Defendants-Appellants.

Robert Corn-Revere and Ronald G. London, Davis Wright Tremaine LLP, Washington, D.C., for Amicus Curiae The Association of National Advertisers, Inc.

Claire Woods and Michael E. Wall, San Francisco, California; as and for Amicus Curiae Natural Resources Defense Council.

Pratik A. Shah, James E. Tysse, and Raymond P. Tolentino, Akin Gump Strauss Hauer & Feld LLP, Washington, D.C.; Kathryn Comerford Todd and Warren Postman, U.S. Chamber Litigation Center Inc., Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States.

Richard P. Bress, Melissa Arbus Sherry, Michael E. Bern, and George C. Chipev, Latham & Watkins LLP, Washington, D.C.; James K. Lynch and Marcy C. Priedeman, Latham & Watkins LLP, San Francisco, California; for Amicus Curiae American Beverage Association.

---

## ORDER

Judge W. Fletcher and Judge Christen have voted to deny the Appellant's petition for rehearing and petition for rehearing en banc, filed May 5, 2017. Judge Friedland voted to grant both.

A judge of the court called for a vote on the petition for rehearing en banc. A vote was taken, and a majority of the non-recused active judges of the court failed to vote for en banc rehearing. Fed. R. App. P. 35(f).

The petition for rehearing and the petition for rehearing en banc, filed May 5, 2017, are **DENIED**.

---

W. FLETCHER and CHRISTEN, Circuit Judges, concurring in the denial of the petition for rehearing en banc:

Our opinion largely speaks for itself. We held under *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985), that the City of Berkeley may compel "purely factual and controversial" speech by a retailer at the point of sale. Our dissenting colleague would read *Zauderer* narrowly to permit compelled commercial speech only when it prevents consumer deception.

Four of our sister circuits have read *Zauderer* broadly to permit compelled commercial speech when it conveys purely factual and uncontroversial information, even in the absence of consumer deception. *See Nat'l Ass'n of Mfrs.v. SEC*, 800 F.3d 518, 522 (D.C. Cir. 2015) (upholding compelled "point of sale disclosures"); *Am. Meat Inst. v. U.S. Dep't of Agric.*, 760 F.3d 18, 22 (D.C. Cir. 2014) (en banc); *Pharm. Care Mgmt. Ass'n v. Row*e, 429 F.3d 294, 310 n.8 (1st Cir. 2005); *Safelite Group v. Jepsen*, 764 F.3d 258 (2d Cir. 2014) (declining to extend *Zauderer* to compelled speech describing the goods or services of another company, but leaving intact earlier Second Circuit cases upholding compelled commercial speech about a company's own goods or services); *N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114, 133 (2d Cir. 2009); *Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 114 (2d Cir. 2001); *Discount Tobacco City & Lottery, Inc. v. United States*, 674 F.3d 509, 566 (6th Cir. 2012). We joined these circuits. *See CTIA–The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105 (9th Cir. 2017); *see also Am. Beverage Ass'n v. City & Cty. of San Francisco*, Nos. 16-16072 & 16-16073 (9th Cir. Sept. 19, 2017).

Two of our sister circuits have sustained compelled commercial speech that prevented consumer deception. Because there was such deception, they did not need to reach the question whether "purely factual and uncontroversial" commercial speech may be compelled in the absence of deception. *See Pub. Citizen, Inc. v. La. Attorney Disciplinary Bd.*, 632 F.3d 212 (5th Cir. 2011); *1-800-411-Pain Referral Serv. v. Otto*, 744 F.3d 1045 (8th Cir. 2014). We do not know how, if the facts had presented the question, these circuits would have decided it.

Our colleague would have us create a circuit split with the D.C., First, Second and Sixth Circuits. We decline to do so on two grounds. First, circuit splits are generally to be avoided. Second, and more important, we believe that our four sister circuits got it right.

---

WARDLAW, Circuit Judge, dissenting from denial of rehearing en banc:

Ordinarily, I do not file "dissentals," particularly where there is an existing dissent. I am compelled to write here, however, because Judge Friedland's dissent, which I agree with entirely, rests principally on the ground that the required disclosure is itself misleading, whereas I believe the panel majority applied the wrong legal standard. We should have taken this case en banc to clarify that *Zauderer*'s rational basis standard applies only when the government compels speech to prevent consumer deception. *See Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 651 (1985) ("[B]ecause disclosure requirements trench much more narrowly on an advertiser's interests than do flat prohibitions

on speech, 'warnings or disclaimers might be appropriately required . . . in order to dissipate the possibility of consumer confusion or deception.'"). The majority extended *Zauderer* beyond the context of preventing consumer deception to instances where the government compels speech for its own purposes.[1] *See CTIA–The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1117 (9th Cir. 2017). Moreover, it expanded *Zauderer* to retailers who sell, and not necessarily advertise, the consumer products at issue. *See id.* at 1110. By allowing the opinion to stand, we have condoned the panel majority's deference to the City of Berkeley's well-intentioned, but unconstitutional, incursion into First Amendment rights.

Although commercial speech is afforded "lesser protection" than "other constitutionally guaranteed speech," commercial speech is nonetheless protected speech. *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 562–63 (1980). Supreme Court precedent is clear that if the government is to compel commercial speech that is "neither misleading nor related to unlawful activity, . . . [t]he State must assert a substantial interest to be achieved

---

[1] Despite the panel majority's insistence to the contrary, there is discord among our sister circuits about whether *Zauderer* applies broadly to allow the government to compel commercial speech to serve its own purposes. *Compare, e.g.*, *Am. Meat Inst. v. U.S. Dep't of Agric.*, 760 F.3d 18, 22 (D.C. Cir. 2014) (en banc) (applying *Zauderer* to a Department of Agriculture labeling requirement), *with Nat'l Ass'n of Mfrs. v. SEC*, 800 F.3d 518, 522 (D.C. Cir. 2015) (confining *Zauderer* to advertising only), *and Nat'l Elec. Mfrs. Ass'n v. Sorrell*, 272 F.3d 104, 114 (2d Cir. 2011) (applying *Zauderer* to a Vermont labeling law), *with Safelite Grp., Inc. v. Jepsen*, 764 F.3d 258, 263–64 (2d Cir. 2014) (applying intermediate scrutiny to a Connecticut disclosure law that required automobile insurers to notify car owners of their repair shop options). Rather than advocate a circuit split, my reading of our sister circuits' opinions simply acknowledges that the law remains unsettled.

by [the] restrictions . . . [and] the restriction must directly advance the state interest involved." *Id.* at 564. The panel majority opinion applies minimal constitutional scrutiny to Berkeley's potentially misleading radiation disclosure, merely because it is not technically false. *CTIA*, 854 F.3d at 1120. The Supreme Court has never been so deferential to government-compelled speech. *See Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 570 (2011) ("Facts, after all, are the beginning point for much of the speech that is most essential to advance human knowledge and to conduct human affairs."); *Wooley v. Maynard*, 430 U.S. 705, 714 (1977) ("The right to speak and the right to refrain from speaking are complementary components of the broader concept of 'individual freedom of mind.'"). The government is not allowed to compel disclosures to shape consumer behavior to its own design, particularly when governments have other powerful means, such as taxation, market regulation, and education efforts, to advance their interests. *See 44 Liquormart v. Rhode Island*, 517 U.S. 484, 507 (1996).

I share Judge Friedland's concerns that a proliferation of warnings and disclosures compelled by local municipal authorities could detract from the attention consumers should pay to warnings that really matter. *See CTIA*, 854 F.3d at 1126 (Friedland, J., dissenting in part). Time which a prospective purchaser must spend puzzling over the City of Berkeley's warning is time not spent acquiring more pertinent product information. In this era where accurate, unbiased information is an increasingly rare commodity, the panel majority's holding that the government can compel a private entity to disclose "factual" and "uncontroversial" information with only a tenuous link to a "more than trivial" government interest is quite troubling.

The loosening of long-held traditional speech principles governing compelled disclosures and commercial speech only muddies the waters. After this case, the City of Berkeley is permitted to require retailers to display a potentially misleading disclosure about the dangers of cell phones that is completely unnecessary in light of the carefully calibrated, FCC-approved disclosures in the user's manual accompanying each new cell phone. Meanwhile, across the bay, San Francisco may not require advertisers of soft drinks with added sugars to warn of the products' adverse health effects. *Am. Beverage Ass'n v. City & Cty. of S.F.*, Nos. 16-16072 & 16-16073, slip op. at 5–6 (9th Cir. Sept. 19, 2017) (purporting to rely on *CTIA* and *Zauderer*). These opinions, which require district judges to make essentially factual judgments about a disclosure's veracity and its burden on a business even before the parties have developed an evidentiary record, are bound to frustrate any court that attempts to reconcile them. And, more importantly, what's next? Is each state or local government in our Circuit going to rely on the misplaced analysis of *Zauderer* in *CTIA* and *American Beverage Association* to pass ordinances compelling disclosures by their citizens on any issue the city council votes to promote, without any regard to *Central Hudson*?

If the multitudinous governing bodies in our Circuit desire to compel speech from their citizens, they should show a substantial state interest and use narrowly tailored means to achieve it. Judge Nelson's concurrence in *American Beverage Association*, slip op. at 28, adds to the confusion by evoking the *Central Hudson* standard, and concluding that San Francisco's means were not narrowly tailored to the interest it sought to promote. We should have taken the opportunity that *CTIA* provided us to clarify our conflicting

law on compelled disclosures and explain when *Zauderer*'s rational basis standard applies, as opposed to the *Central Hudson* standard generally applicable to commercial speech.

I respectfully dissent from the denial of rehearing en banc, and am looking forward to our next compelled disclosure case.